## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| APPLE INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-CV-662-slc |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MOTOROLA, INC. and MOTOROLA | ) | |
| MOBILITY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### MOTOROLA, INC. AND MOTOROLA MOBILITY, INC.'S ANSWER AND COUNTERCLAIMS TO APPLE INC'S COMPLAINT

Defendants Motorola, Inc. ("Motorola") and Motorola Mobility, Inc. ("Mobility") (collectively, "Defendants"), hereby answer the Complaint of Apple Inc. ("Apple"), filed in the above-caption matter on October 29, 2010, and assert affirmative defenses and counterclaims as follows:

### ANSWER TO APPLE'S COMPLAINT

#### GENERAL DENIAL

Unless expressly admitted below, Defendants deny each and every allegation Apple has set forth in its Complaint.

#### RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Apple's Complaint, Defendants respond with the following paragraphs, which correspond sequentially to the paragraphs in Apple's Complaint:

## PARTIES[1]

1.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and can neither admit nor deny such allegations.

2.      Defendants admit that Motorola is a corporation organized under the laws of Delaware with its principle place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3.      Defendants admit that Mobility is currently a corporation organized under the laws of Delaware with its principal place of business at 600 North US Highway 45, Libertyville, Illinois 60048.  Defendants also admit that Mobility is currently a wholly-owned subsidiary of Motorola.

## JURISDICTION AND VENUE

4.      Defendants admit that Apple alleges an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but specifically denies any such alleged infringement.  Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Defendants admit that this Court has personal jurisdiction over Defendants for purposes of this case.

6.      Defendants admit venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

---

[1]   For ease of reference only, Defendants have reproduced the headings Apple used in its Complaint.  To the extent the headings Apple used contain any allegations or characterizations, Defendants deny the truth of those allegations or characterizations.

## THE ACCUSED PRODUCTS

7.      Defendants admit that Apple has alleged that the Droid, Droid 2, Droid X, Cliq, Cliq XT, Backflip, Devour A555, Devour i1, and Charm infringe one or more claims of the Asserted Patents.  Defendants deny that these products infringe any claim of the Asserted Patents.  Defendants deny the allegations in Footnote 1 to Paragraph 7.  To the extent there are any remaining allegations in Paragraph 7, they are incomplete, and thus Defendants deny them on that basis.

## THE ASSERTED PATENTS

8.      Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 7,479,949 ("the '949 patent").  Defendants admit that Apple alleges that a copy of the '949 patent is attached to its Complaint as Exhibit A, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit A is a true and correct copy.  Defendants admit that the face of the document Apple alleges is a copy of the '949 patent states (i) that it is entitled "Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics"; (ii) issued on January 20, 2009; (iii) issued from U.S. Patent Application No. 12/101,832, filed on April 11, 2008, which was a continuation of U.S. Application No. 11/850,635, filed on September 5, 2007; and (iv) is related to Provisional Application No. 60/937,993, filed on June 29, 2007, Provisional Application No. 60/937,991, filed on June 29, 2007, Provisional Application No. 60/879,469, filed on January 8, 2007, Provisional Application No. 60/879,253, filed on January 7, 2007, and Provisional Application No. 60/824,769, filed on September 6, 2006.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 8

3

regarding the '949 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 8, Defendants deny that the '949 patent is valid or enforceable.

9.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 6,493,002 ("the '002 patent").  Defendants admit that Apple alleges that a copy of the '002 patent is attached to its Complaint as Exhibit B, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit B is a true and correct copy.  Defendants admit that the face of the document Apple alleges is a copy of the '002 patent states (i) that it is entitled "Method and Apparatus for Displaying and Accessing Control and status Information in a Computer System"; (ii) issued on December 10, 2002; and (iii) issued from U.S. Patent Application No. 08/821,004, filed on March 20, 1997, which was a continuation of U.S. Patent Application No. 08/316,237, filed on September 30, 1994.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 9 regarding the '002 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 10, Defendants deny that the '002 patent is valid or enforceable.

10.     Defendants lack knowledge or information sufficient to form a belief regarding Apple's allegation that it is the owner of the entire right, title, and interest to and in U.S. Patent No. 5,838,315 ("the '315 patent").  Defendants admit that Apple alleges that copy of the '315 patent is attached to its Complaint as Exhibit C, but lack knowledge or information sufficient to form a belief regarding Apple's allegation that Exhibit C is a true and correct copy.  Defendants admit that the face of the document Apple alleges is a copy of the '315 patent states (i) that it is

4

entitled "Support for Custom User-Interaction Elements in a Graphical, Event-Driven Computer System"; (ii) issued on November 17, 1998; and (iii) issued from U.S. Patent Application No. 977,059, filed on November 24, 1997, which was a continuation of U.S. Patent Application No. 593,171, filed on February 1, 1996.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining the allegations in Paragraph 10 regarding the '315 patent, including any allegations regarding inventorship, and on that basis deny them.  To the extent such allegations are contained in Paragraph 10, Defendants deny that the '315 patent is valid or enforceable.

**COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,479,949**

11.     Defendants repeat and reallege their responses to Paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendants deny each and every allegation contained in Paragraph 12.

13.     Defendants admit that they were provided with a copy of Apple's Complaint after filing of such Complaint.  Defendants deny each and every remaining allegation contained in Paragraph 13.

14.     Defendants deny each and every allegation contained in Paragraph 14.

15.     Defendants deny each and every allegation contained in Paragraph 15.

16.     Defendants deny each and every allegation contained in Paragraph 16.

17.     Defendants deny each and every allegation contained in Paragraph 17.

**COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 6,493,002**

18.     Defendants repeat and reallege their responses to Paragraphs 1 through 10 above as if fully set forth herein.

19.     Defendants deny each and every allegation contained in Paragraph 19.

20.     Defendants admit that they were provided with a copy of Apple's Complaint after filing of such Complaint.  Defendants deny each and every remaining allegation contained in Paragraph 20.

21.     Defendants deny each and every allegation contained in Paragraph 21.

22.     Defendants deny each and every allegation contained in Paragraph 22.

23.     Defendants deny each and every allegation contained in Paragraph 23.

24.     Defendants deny each and every allegation contained in Paragraph 24.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 5,838,315**

25.     Defendants repeat and reallege their responses to Paragraphs 1 through 10 above as if fully set forth herein.

26.     Defendants deny each and every allegation contained in Paragraph 26.

27.     Defendants admit that they were provided with a copy of Apple's Complaint after filing of such Complaint.  Defendants deny each and every remaining allegation contained in Paragraph 27.

28.     Defendants deny each and every allegation contained in Paragraph 28.

29.     Defendants deny each and every allegation contained in Paragraph 29.

30.     Defendants deny each and every allegation contained in Paragraph 30.

31.     Defendants deny each and every allegation contained in Paragraph 31.

**DEMAND FOR JURY TRIAL**

32.     Defendants admit that Apple demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

33.     Defendants deny each and every allegation contained in Paragraph 33, including Apple's allegation that it is entitled to or should be granted any relief in this matter, including any of the relief Apple seeks in Paragraph 33, subparts (a) through (f).

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that they bear the burden of proof as to any of them. Discovery has not yet begun in this matter, and therefore Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein.  Accordingly, Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

### FIRST AFFIRMATIVE DEFENSE
#### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the patents asserted by Apple is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
#### (Non-Infringement)

Defendants have not and do not infringe any claim of the patents asserted by Apple.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the applications resulting in the issuance of the patents asserted by Apple, namely, the admissions, representations, and amendments made on behalf of the applicants for those patents, Apple is estopped from extending the coverage of the asserted claims in the asserted patents, including under the doctrine of equivalents, to cover the accused instrumentalities.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, or Laches)

Upon information and belief, Apple has made claims that are barred in whole or in part by the doctrines of acquiescence, estoppel, laches, or waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287 – Failure to Mark)

Upon information and belief, Apple's pre-lawsuit claims for damages as to the asserted patents are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

Upon information and belief, Defendants may sell and/or offer for sale in the United States the accused instrumentalities to the United States government or to third parties who sell the accused instrumentalities to the United States government.  Defendants are therefore entitled to assert 28 U.S.C. § 1498 as a defense to Apple's allegations.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Upon information and belief, Apple has failed to state a claim against Defendants upon which relief may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Remaining Defenses)**

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**DEFENDANTS' JOINT COUNTERCLAIMS**

1.     Counterclaim-Plaintiffs Motorola, Inc. ("Motorola") and  Motorola Mobility, Inc. ("Motorola Mobility"), for their joint counterclaims against Counterclaim-Defendant Apple, Inc. ("Apple") allege as follows:

**PARTIES**

2.     Motorola, Inc. is a corporation organized under the laws of Delaware with its principle place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc.

3.     In its Complaint, Apple alleges that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4.      These are counterclaims for Declaratory Relief for which this Court has

jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332,

1338, 2201, and 2202.

5.      This Court has personal jurisdiction over Apple by virtue of the Complaint Apple

filed in this Court and Apple's significant contacts with this forum.  On information and belief,

Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles

products that are and have been offered for sale, sold, purchased, and used in the Western

District of Wisconsin.  On information and belief, Apple, directly and/or through its distribution

network, places devices within the stream of commerce, with the knowledge and/or

understanding that such devices will be sold in the Western District of Wisconsin.  Moreover, on

information and belief, Apple operates retail stores within the Western District of Wisconsin and

expects or should reasonably expect its actions to have consequences in the Western District of

Wisconsin.  Therefore, exercise of jurisdiction over Apple will not offend traditional notions of

fair play and substantial justice.  Such an exercise is consistent with Wis. Stats. § 801.05,

including at least under § 801.05(1)(d), because Apple is engaged in substantial and not isolated

activities within Wisconsin and this judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 7,479,949

7.      Defendants incorporate by reference the preceding averments set forth in

Counterclaim Paragraphs 1–6.

8.      By the filing of its Complaint, Apple has purported to assert claims against

Defendants for the alleged infringement of the '949 patent.

9.      Defendants deny Apple's infringement allegations.

10.     The claims of the '949 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

11.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '949 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '949 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '949 patent is invalid and unenforceable.

### COUNTERCLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 6,493,002

13.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

14.     By the filing of its Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '002 patent.

15.     Defendants deny Apple's infringement allegations.

16.     The claims of the '002 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq.*

17.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '002 patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '002 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '002 patent is invalid and unenforceable.

## COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF U.S. PATENT NO. 5,838,315

19.     Defendants incorporate by reference the preceding averments set forth in Counterclaim Paragraphs 1–6.

20.     By the filing of its Complaint, Apple has purported to assert claims against Defendants for the alleged infringement of the '315 patent.

21.     Defendants deny Apple's infringement allegations.

22.     The claims of the '315 patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 133, and 200 *et seq*.

23.     Accordingly, there exists a substantial and continuing justiciable controversy between Apple and Defendants as to the infringement, validity, and enforceability of the '315 patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendants are entitled to a judgment finding that the '315 patent is not infringed by any of Defendants' products, services, or processes and that every claim of the '315 patent is invalid and unenforceable.

## JOINT REQUEST FOR RELIEF

25.     WHEREFORE, Defendants respectfully pray for relief as follows:

A.      For a Declaratory Judgment that the '949, '002, and '315 patents, and each and every asserted claim thereof, are invalid, unenforceable, and not infringed;

B.      That Apple's Complaint be dismissed with prejudice, with Apple taking nothing;

C.      That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Apple be ordered to pay all of Defendants' reasonable attorneys' fees incurred in defending against Apple's claims;

D.      Defendants be awarded such other relief as the Court deems just and equitable.

## <u>MOTOROLA MOBILITY'S COUNTERCLAIMS</u>

26.     Counterclaim-Plaintiff Motorola Mobility, Inc. ("Motorola Mobility") for its counterclaims against Counterclaim-Defendant Apple Inc. ("Apple") alleges as follows:

27.     These are counterclaims brought by Motorola Mobility against Apple for Apple's infringement of Motorola Mobility's patents.  In particular, Motorola Mobility seeks remedies for Apple's infringement of Motorola Mobility's U.S. Patents Nos. 5,311,516 ("the '516 patent"), 5,319,712 ("the '712 patent"), 5,490,230 ("the '230 patent"), 5,572,193 ("the '193 patent"), 6,175,559 ("the '559 patent") and 6,359,898 ("the '898 patent") (collectively, "the Asserted Patents").

## PARTIES

28.     Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45,

Libertyville, Illinois 60048.  Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc.  On July 31, 2010, Motorola, Inc. assigned all its right, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

29.     Apple has alleged in its Complaint that it is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

30.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, et seq.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

31.     This Court has personal jurisdiction over Apple by virtue of the Complaint Apple filed in this Court and Apple's significant contacts with this forum.  On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Western District of Wisconsin.  On information and belief, Apple, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in the Western District of Wisconsin.  Moreover, on information and belief, Apple operates retail stores within the Western District of Wisconsin and expects or should reasonably expect its infringing actions to have consequences in the Western District of Wisconsin.  Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice.  Such an exercise is consistent with Wis. Stats. § 801.05, including at least

under § 801.05(1)(d), because, as described above, because Apple is engaged in substantial and not isolated activities within Wisconsin and this judicial district.

32.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## MOTOROLA MOBILITY'S COUNTERCLAIM IV:
## INFRINGEMENT OF U.S. PATENT NO. 5,311,516

33.     Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

34.     The '516 patent, entitled "Paging System Using Message Fragmentation to Redistribute Traffic," duly and lawfully issued on May 10, 1994.  A true and correct copy of the '516 patent is attached to this Complaint as Exhibit 1.

35.     Motorola Mobility is the owner of all rights, title and interest in the '516 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

36.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '516 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services, including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

37.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

38.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '516 patent in an amount to be determined at trial.

39.     On information and belief, Apple's infringement of the '516 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

40.     On information and belief, Apple's infringement of the '516 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**MOTOROLA MOBILITY'S COUNTERCLAIM V:**
**INFRINGEMENT OF U.S. PATENT NO. 5,319,712**

41.     Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

42.     The '712 patent, entitled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," duly and lawfully issued on June 7, 1994.  A true and correct copy of the '712 patent is attached to this Complaint as Exhibit 2.

43.     Motorola Mobility is the owner of all rights, title and interest in the '712 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

44.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '712 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod

16

Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

45.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

46.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '712 patent in an amount to be determined at trial.

47.     On information and belief, Apple's infringement of the '712 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

48.     On information and belief, Apple's infringement of the '712 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## MOTOROLA MOBILITY'S COUNTERCLAIM VI:
## INFRINGEMENT OF U.S. PATENT NO. 5,490,230

49.     Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

50.     The '230 patent, entitled "Digital Speech Coder Having Optimized Signal Energy Parameters," duly and lawfully issued on February 6, 1996.

51.     On September 3, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent.

52.     On October 1, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent.  A true and correct copy of the '230 patent with the

September 3, 1996 and October 1, 1996 Certificates of Correction is attached to this Complaint as Exhibit 3.

53.    Motorola Mobility is the owner of all rights, title and interest in the '230 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

54.    On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '230 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS and the Apple iPhone 4.

55.    Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

56.    Motorola Mobility has been and continues to be damaged by Apple's infringement of the '230 patent in an amount to be determined at trial.

57.    On information and belief, Apple's infringement of the '230 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

58.    On information and belief, Apple's infringement of the '230 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**MOTOROLA MOBILITY'S COUNTERCLAIM VII:**
**INFRINGEMENT OF U.S. PATENT NO. 5,572,193**

59.      Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

60.      The '193 patent, entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems," duly and lawfully issued on November 5, 1996.

61.      On April 22, 1997, the United States Patent and Trademark Office issued a Certificate of Correction for the '193 patent.  A true and correct copy of the '193 patent with the April 22, 1997 Certificate of Correction is attached to this Complaint as Exhibit 4.

62.      Motorola Mobility is the owner of all rights, title and interest in the '193 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

63.      On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '193 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

64.      Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

65.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '193 patent in an amount to be determined at trial.

66.     On information and belief, Apple's infringement of the '193 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

67.     On information and belief, Apple's infringement of the '193 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### MOTOROLA MOBILITY'S COUNTERCLAIM VIII: INFRINGEMENT OF U.S. PATENT NO. 6,175,559

68.     Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

69.     The '559 patent, entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System," duly and lawfully issued on January 16, 2001.  A true and correct copy of the '559 patent is attached to this Complaint as Exhibit 5.

70.     Motorola Mobility is the owner of all rights, title and interest in the '559 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

71.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '559 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

20

72.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

73.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '559 patent in an amount to be determined at trial.

74.     On information and belief, Apple's infringement of the '559 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

75.     On information and belief, Apple's infringement of the '559 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### MOTOROLA MOBILITY'S COUNTERCLAIM IX: INFRINGEMENT OF U.S. PATENT NO. 6,359,898

76.     Motorola Mobility incorporates by reference the preceding averments set forth in Counterclaim Paragraphs 1-6 and 26-32.

77.     The '898 patent, entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System," duly and lawfully issued on March 19, 2002.  A true and correct copy of the '898 patent is attached to this Complaint as Exhibit 6.

78.     Motorola Mobility is the owner of all rights, title and interest in the '898 patent, including the right to bring this suit for injunctive relief and past, present, and future damages.

79.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '898 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the

21

United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

80.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

81.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '898 patent in an amount to be determined at trial.

82.     On information and belief, Apple's infringement of the '898 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

83.     On information and belief, Apple's infringement of the '898 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

84.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

85.     WHEREFORE, Motorola Mobility respectfully requests that:

a.     Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

b.     Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their

22

subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

        c.     Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

        d.     Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

        e.     Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

        f.     Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated:  November 9, 2010                          Respectfully submitted,

                                                  MOTOROLA, INC. &
                                                  MOTOROLA MOBILITY, INC.

                                                  By:      /s/ Scott W. Hansen
                                                           Scott W. Hansen (1017206)

Scott W. Hansen (1017206)
Lynn Stathas (1003695)
Paul Stockhausen (1034225)
REINHART BOERNER VAN DEUREN, S.C.
22 East Mifflin Street
Madison, WI 53701-2018
Phone:  (608) 229-2200
Fax:  (608) 229-2100
Email:  shansen@reinhartlaw.com;
lstathas @reinhartlaw.com;
pstockha@reinhartlaw.com

*Of Counsel*
David A. Nelson (6209623)*
Jennifer A. Bauer (6289020)*
QUINN EMANUEL URQUHART &
     SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email:  davenelson@quinnemanuel.com

Charles K. Verhoeven*
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco*
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:  eddefranco@quinnemanuel.com

*Attorneys for Defendants Motorola, Inc. and
Motorola Mobility, Inc.*

* Motion to appear *pro hac vice* to be filed