IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPLE, INC. and NeXT SOFTWARE, INC.,
f/k/a NeXT COMPUTER, INC.,                                                    ORDER

                 Plaintiffs,                                                    10-cv-662-bbc

    v.

MOTOROLA, INC. and
MOTOROLA MOBILITY, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this patent infringement case, plaintiffs Apple, Inc. and NeXT Software, Inc. contend that the smart phone products and associated software sold by defendants Motorola, Inc. and Motorola Mobility, Inc. infringe 15 of plaintiffs' United States patents. Defendants have filed counterclaims, contending that plaintiff Apple, Inc. is infringing six of defendants' United States patents. Now before the court are the parties' cross motions for the construction of several terms in the patents. Dkt. ##90, 95.

In the preliminary pretrial conference order, the magistrate judge explained that it would be each "party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." Dkt. #27 at

1

2.  The court imposes that requirement to avoid deciding abstract questions that have no bearing on the lawsuit.  <u>Citizens for a Better Environment v. Steel Co.</u>, 230 F.3d 923, 927 (7th Cir. 2000) (federal courts have no authority to issue advisory opinions).  Plaintiffs have explained adequately how their disputes about the meaning of each term for which they request construction are related to disputes about whether the accused products are infringing or the patents are invalidated by prior art.  Accordingly, I will grant plaintiffs' motion to construe six terms in defendants' patents.

Defendants have explained adequately how construction of six of their requested terms is relevant to disputes regarding infringement or invalidity.  However, defendants have not explained why construction of "events for controlling said user interface" or "linking actions to the detected structures" is necessary, beyond vague statements that defendants' products cannot infringe the patents if these terms are construed properly.  In addition, defendants do not explain how their proposed constructions of these two terms would resolve an issue as to infringement or invalidity.  Without a specific explanation, it is impossible to determine whether claim construction will be a useful exercise.  Far too often, construing claim terms in a vacuum leads to additional disputes about the meaning of the court's construction at summary judgment or to revision when the context of the dispute is revealed.  Therefore, I will deny defendants' motion to construe these two terms.  If defendant believes that construction of additional terms is necessary, it may ask for construction of those terms

in the context of a motion for summary judgment or at trial.

In addition, I will deny defendants' request for construction of "means for capturing state information and rendering information at the grafport object." Defendants do not seek a specific construction of this term that would impose a specific limitation on the claim. Rather, defendant contends that this term is indefinite and that the claim in which it is found is invalid under 35 U.S.C. § 112. Disputes regarding the invalidity of a patent's claim on the basis of indefiniteness are more appropriate for summary judgment. I will reserve ruling on "means for capturing state information and rendering information at the grafport object" until then.

Finally, because it would be beneficial to hear oral argument on the matter, a claims construction hearing will be held on July 22, 2011 at 9:00 a.m., the date designated in the preliminary pretrial conference order.

ORDER

IT IS ORDERED that a hearing will be held on July 22, 2011 at 9:00 a.m regarding the parties' disputes on the meaning of the following claim terms:

1. "long term energy value for [the/a] frame of information" from United States Patents No. 5,490,230;

2. "extracting from [the recovered signal/the speech coded information] at least one

3

parameter" from United States Patents No. 5,490,230;

3. "transmit overflow sequence number" from United States Patents No. 5,319,712;

4. "transmitting . . . from the subscriber unit to the communication system" from United States Patents No. 5,572,193;

5. "preamble sequence" from United States Patents No. 6,175,559;

6. "outer code" from United States Patents No. 6,175,559;

7. "software component architecture" from United States Patents No. 5,929,852;

8. "connection information" from United States Patents No. 6,424,354;

9. "during runtime" from United States Patents No. 6,275,983;

10. "storing means for storing a specific set of events of which said at least one event consumer is to be informed" from United States Patents No. 5,566,337;

11. "dynamic binding" from United States Patents No. 5,481,721; and

12. "programming modules" from United States Patents No. 6,493,002.

At the July 22 hearing, each side will have 90 minutes to present its argument and offer testimony in support of its proposed constructions.

Entered this 24th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge